**HUI LIN, Petitioner,**

v.

**ATTORNEY GENERAL, Michael B. Mukasey,[1] Respondent.**

No. 07–2831–ag.

United States Court of Appeals, Second Circuit.

Nov. 30, 2007.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as a respondent in this case.

Michael Brown, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Richard M. Evans, Assistant Director; Rebecca A. Niburg, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROGER J. MINER and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Hui Lin ("Lin"), a citizen of the People's Republic of China, seeks review of a June 7, 2007 order of the BIA affirming the December 6, 2005 decision of Immigration Judge ("IJ") Thomas J. Mulligan denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Lin,* No. A 97 949 839 (B.I.A. June 7, 2007), *aff'g* No. A 97 949 839 (Immig. Ct. N.Y. City, Dec. 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400–01 (2d Cir.2005).

The record in this case reveals that the agency's adverse credibility finding is supported by substantial evidence. Lin's asylum application was based largely on his claim that he freed a pregnant woman who was confined in storeroom before the woman's pregnancy was forcibly aborted. However, as the IJ reasonably found, Lin's testimony was inconsistent. For instance,

Lin testified that he crushed the lock on the door to the storeroom with a wrench, but his asylum application and his father's letter both report that Lin "prized [sic] the door open." Although Lin explained that his father "doesn't remember too clearly," and that he did not tell his father that he pried the door open, the IJ reasonably rejected this explanation because his father's statement is consistent with the statement Lin provided in his asylum application. *Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Moreover, Lin's testimony that he did not tell his cousin how he opened the door was inconsistent with his cousin's statement in his letter that Lin "broke the door." Because these inconsistencies concerned a central element of Lin's asylum claim, they were plainly "material to his claim of persecution," *Zhou Yun Zhang*, 386 F.3d at 74, and "substantial" when measured against the record as a whole, *Secaida–Rosales*, 331 F.3d at 308–09. Therefore, the IJ properly relied on these inconsistencies as a basis for the adverse credibility determination.

The IJ also reasonably concluded that Lin's testimony regarding how many times the police came to his family's house was inconsistent. After testifying that he did not know whether the police returned after their initial visit in September 2003, Lin testified that the police came to the house after he left China and again after Chinese customs agents intercepted his mail. Lin's inconsistent testimony on this issue calls into question his claim that the police intend to arrest him upon his return. As such, the IJ reasonably found that these inconsistencies impeached Lin's general credibility. *See Secaida–Rosales*, 331 F.3d at 308.

The IJ also reasonably questioned Lin's testimony that his parents told him the police had a warrant for his arrest when his father did not mention the warrant in his letter. Ordinarily, this omission may be considered too minor or ancillary to provide a sufficient basis for an adverse credibility finding. *See Secaida–Rosales*, 331 F.3d at 308. However, "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted).

The IJ additionally relied on a purported inconsistency between Lin's testimony and his statement at his credible fear interview. However, because the record of the interview contains an incomplete transcript, we find that it is not sufficiently reliable to form the basis of an adverse credibility finding. *Cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir. 2004) (providing that one factor to consider in evaluating whether an airport interview represents a "sufficiently accurate record" is whether the record of the interview merely summarizes or paraphrases the applicant's statements rather than providing a verbatim account or transcript).

This error notwithstanding, remand would be futile because, based on the properly made findings outlined above, we can "confidently predict" that the IJ would reach the same decision on remand. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.2006). Because he was properly found not credible, Lin failed to establish that he has a subjective fear of future persecution, based on either his claim that he will be persecuted for having released the pregnant woman, or his claim that he will be persecuted for being a Falun Gong practitioner. *Ramsamea-*

*chire,* 357 F.3d at 183. Accordingly, Lin failed to establish that he has a well-founded fear of persecution. Thus, the agency's denial of asylum was proper.

In addition, because the only evidence of a threat to Lin's life or freedom depended upon his credibility, the success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006). To the extent Lin argued that he is eligible for CAT relief based on his illegal departure from China, he has failed to meaningfully challenge the agency's denial of CAT on that basis in his brief to this Court. Accordingly, any such argument is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).